702 S.E.2d 565

**In the Matter of Harry Ennis BODIFORD, Respondent.**

**No. 26897.**

Supreme Court of South Carolina.

Submitted Nov. 8, 2010.

Decided Dec. 6, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Susan B. Hackett, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harry Ennis Bodiford, of Clemson, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### FACTS

In December 2007, Complainant retained respondent to represent him in a civil action against several defendants concerning problems with a lawn mower. Complainant paid respondent a retainer of $150.00 and $85.00 to cover court costs.

Although he never filed suit on Complainant's behalf, respondent assured Complainant that his case was progressing. These assurances were not truthful as respondent had neither filed a lawsuit on respondent's behalf nor entered into any negotiations with the putative defendants.

During the period between December 2007 and May 2010, respondent did not adequately communicate with Complainant and did not return many of Complainant's telephone calls.

Respondent did not pursue Complainant's claim diligently and failed to expedite litigation on Complainant's behalf.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**